## Hunter v. City of Louisville.

(Decided April 28, 1925.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1.  Municipal Corporations—President of Board of Aldermen May
    Discharge all Duties of Mayor During Mayor's Absence—"Admin-
    ister."—Ky. Stats., section 2789, providing that during mayor's
    temporary absence or disability "his office shall be administered"
    by president of board of aldermen, empowers president of board
    in such cases to discharge all functions and prerogatives of
    mayor's office and does not limit him to purely ministerial duties
    ·because of use of word "administered."
2.  Municipal Corporations—President of Board of Aldermen Properly
    Approved Bond Issue Ordinance as "Mayor Pro Tempore."—Under
    Ky. Stats., sections 2789, 2795, president of board of aldermen,
    acting as mayor during temporary absence of mayor, properly
    signed and approved bond issue ordinance as "mayor pro tempore,"
    instead of as "president of board of aldermen."
3.  Municipal Corporations—Bond Issue Ordinance Fixing Interest
    but Authorizing Sale at Lower Rate Valid.—Ordinance authoriz-
    ing bond issue was not invalid, under Ky. Stats., Supp. 1924, sec-
    tion 2839b-1, because it fixed maximum interest rate and authorized
    board of public works to sell bonds at lower rate if possible.

EMMET R. FIELD for appellant.

W. T. BASKETT for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

By this equitable action appellant, a citizen and tax-
payer of Louisville, Kentucky, attacked the validity of
the $5,000,000.00 bond issue voted for the purpose of fur-
nishing the city's part of the cost of eliminating rail-
road grade crossings in the city limits, and sought to
enjoin the issual and sale of the bonds. A demurrer to
the petition was sustained and appellant declined to
plead further. This appeal is prosecuted from the judg-
ment thereupon entered dismissing the petition.

It is insisted for appellant that the bond issue ordi-
nance is void because it was not approved as is required
by section 2795, Kentucky Statutes. The petition discloses
that at the time the bond issue ordinance was passed
by the general council, the mayor of Louisville was tem-
porarily absent from the city and that in his absence it

was presented to Arthur A. Will, who then was the president of the board of aldermen. It was signed and approved by him as "mayor *pro tempore.*" Appellant contends, first, that no one save the mayor of the city has authority to approve ordinances of this character; and, second, if it should be held under section 2789, Kentucky Statutes, that the president of the board of aldermen has authority to sign and approve ordinances of this character that he should do so as "president of the board of aldermen" and not as "mayor, *pro tempore,*" and that the signature and approval of Arthur A. Will as "mayor, *pro tempore,*" was not sufficient to give validity to the ordinance in question.

Section 2795, *supra,* provides that except a resolution to adjourn every proposed ordinance or joint resolution which has passed the general council shall be presented to the mayor, and if he approves it he shall sign it and then it shall be obligatory. By the section the mayor is given authority to disapprove all such ordinances and joint resolutions, setting forth his objections in writing. Authority is then given the general council, by two-thirds vote of its two bodies, to pass the proposed ordinance or resolution over the mayor's veto. Section 2789, *supra,* among other things, provides:

> "Should the mayor be temporarily absent or unable to discharge his duties, his office shall be administered by the president of the board of aldermen, who shall continue to discharge the duties of the office during the continuance of the disability or the absence of the mayor."

By a strained process of reasoning, hard to comprehend, appellant insists that the legislature, by the use of the word "administered" in the statute above, intended that only certain ministerial duties of the mayor might be performed in his absence by the president of the board of aldermen. We are unable to agree with him. The statute in question plainly provides that if the mayor be temporarily absent or unable to discharge his duties "his office shall be administered by the president of the board of aldermen," and that that official shall "discharge the duties of the office" during the disability or absence of the mayor. It clearly was intended that during the temporary absence or disability of the mayor the president of the board of aldermen should discharge, not certain of the duties of the office, but that

the office with all its functions and prerogatives and all its duties should be administered by the president of the board of aldermen. If appellant's contention should be upheld a state of case easily could arise in which the business of the great city of Louisville would be seriously handicapped for lack of a chief executive. A long, serious illness might disable the mayor and prevent his performing the duties of his office for a considerable length of time. According to appellant's contention, under those conditions, only certain ministerial duties of the office could be performed by the president of the board of aldermen, though he does not point out what duties of the office, as he understands it, the president of the board of aldermen might then perform. He contends that the approval or vetoing of legislative enactments are not included in the ministerial duties that may be performed by the president of the board of aldermen in the absence of the mayor. Under his contention, under the circumstances above, the welfare of the city might be seriously impaired for lack of some one to fill the office of mayor. It was that and similar situations that the legislature had in mind when it provided that in the absence or during the disability of the mayor his office should be administered by the president of the board of aldermen, who, by the section of the statute, *supra,* was given authority to discharge all the duties of the office of mayor during the continuance of the disability or absence of the mayor.

The second contention is equally unmeritorious. It is that if it be held that the president of the board of aldermen had authority to approve the ordinance in question he should have done so as president of the board of aldermen and not as "mayor, *pro tempore.*" It was clearly pointed out in Wilkerson v. City of Lexington, 188 Ky. 381, that one of the city's commissioners, acting under statute authorizing him so to do as mayor in the latter's absence, in approving an ordinance does so not as commissioner but as "mayor, *pro tempore.*" Section 2789, *supra,* does not provide what title the president of the board of aldermen shall bear while filling the office of mayor in the latter's absence or during his disability. It does provide, however, that he shall temporarily fill the office of mayor and perform all its duties; and we know of no more descriptive term for the office he is then filling than that used by Mr. Will in signing and approving the ordinance in question, namely,

"mayor, *pro tempore.*" Under the provisions of the statute, by virtue of which the president of the board of aldermen signed and approved the ordinance in question, he was "mayor, *pro tempore,*" of the city of Louisville. In signing and approving the ordinance he did so, not as president of the board of aldermen, but as acting mayor, or "mayor, *pro tempore.*" The petition discloses that the person then filling the office of president of the board of aldermen, at a time when the mayor of the city was temporarily absent, administered the office of mayor and signed and approved the ordinance in question, a duty which, under section 2795, *supra,* would have devolved upon the mayor if he had been in the city. It, therefore, appears that everything that was done with reference to the presentation of the ordinance in question to the mayor and its signature and approval by him was done by the person upon whom section 2789, *supra,* conferred the authority so to do in the absence from the city of the person then the mayor of the city. It, therefore, follows that the ordinance was and is not invalid because presented to Arthur A. Will, the president of the board of aldermen, who signed and approved it as "mayor, *pro tempore,*" in the absence from the city of the then mayor of Louisville.

It is insisted for appellant that the ordinance providing for the bond issue is invalid in that it violates that provision of section 2839b-1, 1924 Supplement to Carroll's Kentucky Statutes, the act authorizing the bond issue, requiring:

> "The ordinance or ordinances shall provide the date and maturity of such bonds, the rate of interest they shall bear and the total amount to be then issued."

It appears that the ordinance provides that the bonds shall bear interest not to exceed the rate of 4½% per annum, and the board of public works is authorized to sell the bonds at a lower rate of interest if possible, provided they may be sold at not less than par and accrued interest. It is insisted that the ordinance should have fixed the interest rate definitely, and that the board of council had no authority by the ordinance in question to delegate to the board of public works any authority to provide a less rate of interest than the rate provided in the ordinance. The position on this question does not seem to the court to be well taken by appellant. The

voters of the city of Louisville approved the proposed bond issue upon the condition that the rate of interest should not exceed 4½% per annum. Authority to issue and sell bonds at a greater rate of interest than that specified was not conferred. The petition, however, does not allege that in issuing and selling the bonds authorized by the vote of the people any attempt is being made to provide a greater rate of interest than that authorized. The provision of the statute, *supra,* requiring that the rate of interest must be fixed by the ordinance was for the protection of the taxpayers and to prevent possible fraud. The taxpayers then have voted this bond issue understanding, as fixed by the ordinance, that the tax rate can not exceed 4½% per annum. If to the great benefit of the taxpayers the bonds may be sold at a lesser rate, certainly the statute would not prevent it. The statute was intended to protect, not to injure, the taxpayers. The requirements of the statute were met when the ordinance fixed a definite maximum interest rate for the proposed bond issue. (See Frantz, Jr. v. Jacob, Mayor, 88 Ky. 525.)

All the other questions raised by appellant were presented to this court in the recent case of Harrison Hunter, appellant v. City of Louisville, et al., appellees, and decided adversely to appellant's contentions. That case tested the validity of a $5,000,000.00 sewerage bond issue voted at the same time the bond issue in question herein was voted. The opinion in that case was handed down March 27, 1925, and may be found in 207 Ky., page 326. We deem it unnecessary to rediscuss the questions concluded by that opinion.

For the foregoing reasons the judgment sustaining the demurrer to appellant's petition herein is affirmed.

Judge Dietzman not sitting.